IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AFRAH AHMED SAEED,            )
                              )
            Plaintiff,        )
                              )
    -vs-                      )    Civil Action No.  18-113
                              )
ANDREW M. SAUL,[1]            )
COMMISSIONER OF SOCIAL SECURITY, )
                              )
            Defendant.        )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 14 and 16). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 15 and 17). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 14) and granting Defendant's Motion for Summary Judgment. (ECF No. 16).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying an application for supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), David F. Brash, held video hearings on February 2, 2016 and again on June 1, 2017. (ECF No. 7-3). On February 13, 2017, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 7-2, pp. 17-34).

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

1

After exhausting all administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 14 and 16). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity ("RFC").[2] 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.** **Weighing of Opinion Evidence in Determining Plaintiff's RFC**

With regard to opinion evidence, Plaintiff argues that the ALJ failed to follow the treating physician rule when discounting the opinion of Dr. DeMatteis and further "erred by creating his mental RFC determination out of whole cloth." (ECF No. 15, pp. 9-15). The amount of weight

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . . the opinion of a treating physician conflicts with that of a non-treating, non-

4

examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff argues that the reasons the ALJ gave Dr. DeMatteis' opinion partial weight are not supported by substantial evidence. (ECF No. 15, pp. 9-13). The ALJ gave Dr. DeMatteis, a treating neurologist, partial weight, because the "assessed limitations are not fully supported by the medical evidence." *Id.* After relating Dr. DeMatteis' opinion in his medical source statement, the ALJ weighed the same. (ECF No. 7-2, p. 31). In so doing, the ALJ set forth examples of internal inconsistency and inconsistency with other evidence of record. *Id.*

> I give this opinion partial weight, as Dr. DeMatteis is a specialist, who has a treating relationship with the claimant. However, the assessed limitations are not fully supported by the medical evidence. For example, while Dr. DeMatteis assessed significant exertional limitations, the treatment records do not include the same. Further, the frequency of office visits (e.g., 6 months to one year) is inconsistent with a disabling level of functioning (Exhibit 13F/8). Dr. DeMatteis crossed out "good" prognosis and indicated a low probability for medical control of seizures. However, the medical evidence shows medication efficacy when properly titrated, as evidenced by the absence of seizures for over one year (Exhibit 16F/2; *see also,* Exhibit 6F/5). Further, while the claimant had varying definitions of "seizure," she generally described the same as 2-3 minutes of right ulnar jerking without secondary generalization, altered mentation, or residual effects. While she sometimes reported the same as occurring once per month in 2014 and 2015, she also reported the same occurring less frequently (*see,* Exhibits 6F and 9F). Based on the medical evidence, there is no indication her seizures occurred with such frequency, duration or severity as to preclude all work activity on a continuing and regular basis. The assessed postural limitations are not fully supported by the other evidence, including physical therapy records documenting functional objective tests within normal limitations (*see,* Exhibit 5F). Additionally, the assessed lifting and manipulative limitations draw no dominant/non-dominant distinction. DeMatteis indicated the claimant had mild right hemiparesis. This is consistent with the above residual functional capacity.

(ECF No. 7-2, p. 31).

In challenging the reasons, Plaintiff first asserts that while it is true that the treatment records do not include any exertional limitations, this is not a valid reason for discounting the opinion because "there was no reason for Dr. DeMatteis to include any of these facts." (ECF No. 15, p. 11). A record need not contain anything in particular, nonetheless, it is appropriate for the ALJ to look to the treatment record for consistency. Consistency is a valid reason for crediting or discrediting evidence. *See,* 20 C.F.R. §§416.927, 404.1527 (Evaluating Opinion Evidence). Furthermore, I note that, as set forth above, this was not the only reason for discounting Dr. DeMatteis' opinion. *See,* ECF No. 7-2, p. 31.

Plaintiff also points to evidence of record to support Dr. DeMatteis' assessed limitations. (ECF No. 15, pp. 11-12). To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

Plaintiff next argues that "[t]he fact that an outdated State agency opinion from 2014 contradicts Dr. DeMatteis' assessment is not indicative of substantial evidence" and a non-examining physician's opinion cannot serve as a sufficient reason to discount a treating physician's opinion. (ECF No. 15, p. 13). To begin with, a treating doctor's opinion is not

6

automatically entitled to greater weight over that of a non-examining doctor's opinion, as Plaintiff suggests. In accordance with the Regulations, the ALJ is charged with the responsibility of weighing all of the medical opinion evidence in determining whom to credit and he must explain his rationale for doing so. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Additionally, an ALJ is entitled to rely upon the findings of an evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). In this case, the ALJ did not give the state agency medical consultant, Dr. Fox, great weight. (ECF No. 7-2, p. 30). Rather, the ALJ gave Dr. Fox's opinion only partial weight because Dr. Fox did not have the opportunity to review all of the records and the treatment records indicated Plaintiff had residual pain, numbness, and weakness. *Id.* As a result, the ALJ acknowledged subsequent medical limitations and accommodated the same in the RFC. *Id.* I am able to conduct a meaningful review and the ALJ's assessment is supported by substantial evidence. (ECF No. 7-2, pp. 23-32). Consequently, I find Plaintiff's arguments are without merit. Therefore, remand is not warranted.

Next, Plaintiff submits that the ALJ improperly created the mental RFC assessment "out of thin air." (ECF No. 15, p. 5). In support of the same, Plaintiff agrees that she has mental limitations, but simply argues that "it is unclear how the ALJ reached his mental RFC determination." *Id.* at 14. As such, Plaintiff argues that the ALJ's decision is not supported by substantial evidence such that remand is warranted. *Id.* After a review of the record, I disagree.

The ALJ determined Plaintiff has the RFC to perform light work with various physical and mental limitations. (ECF No. 7-2, p. 23). With regard to the mental limitations, the ALJ found numerous and specific exceptions.

> [Plaintiff] is limited to understanding, remembering, and carrying out simple instructions and performing simple, routine tasks; is limited to work that can be

7

> taught by demonstration; is limited to no work related interaction with the public, only occasional and superficial interaction with co-workers, and only occasional supervision; and is limited to a low stress work environment, that means no production rate pace work (e.g., assembly line work), instead, is limited to only occasional and routine change in work setting and goal-oriented work, and any routine change will not require alteration in work method.

(ECF No. 7-2, p. 23). "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). In this case, however, the only opinion evidence related to Plaintiff's mental abilities is from the state agency consultant, Dr. Croyle, who determined that Plaintiff's mental impairment was nonsevere. (ECF No. 7-2, p. 31). The ALJ gave this opinion little weight because "Dr. Croyle did not have an opportunity to review all of the records at the time of his assessment. Further, he did not adequately consider the combined effect of the claimant's impairments." *Id.* Thus, contrary to Plaintiff's inferences, the ALJ is not rejecting more restrictive opinion evidence related to her mental impairments. Rather, after rejecting the mental opinion evidence that Plaintiff has a nonsevere mental impairment, the ALJ gave Plaintiff the benefit of the doubt and added additional limitations based on the other evidence of record. (ECF No. 7-2, pp. 23-32). To be clear, there is no medical opinion evidence opining that Plaintiff's alleged mental limitations result in limiting her abilities to function. In fact, as the ALJ pointed out, "[t]he record indicates that the claimant did not receive ongoing mental health treatment during the period under adjudication. Further, she often denied depression." (ECF No. 7-2, pp. 29-30). The ALJ then went on to provide Plaintiff's mental claims, with the benefit of the doubt, and included numerous mental limitations in the RFC. Providing Plaintiff with limiting mental abilities in the RFC only serves Plaintiff's advantage. Thus, I find remand is not warranted on this basis.

### C. Plaintiff's Husband's Statement

Plaintiff's husband testified at the hearing. (ECF No. 7-2, p. 31; No. 7-3, pp. 60-67). Plaintiff submits that the ALJ erred in failing to provide legitimate reasoning for discounting her husband's testimony. (ECF No. 7-2, pp. 15-16). Again, to be clear, the ALJ did not reject her husband's testimony. (ECF No. 7-2, pp. 31-32). Rather, the ALJ gave Plaintiff's husband's testimony "limited weight." (ECF No. 7-2, p. 32). As explained by the ALJ, the ALJ found Plaintiff's husband was not a medical professional and further that his statement was inconsistent with the overall medical evidence. *Id.* That is not to say, as Plaintiff infers, that the ALJ did not consider the evidence, just that he was not considering it as opinion evidence from a medical professional. After a review of the record, I find there is substantial evidence to support this finding of the ALJ. (ECF No. 7-2, pp. 23-32). Therefore, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AFRAH AHMED SAEED,  )
          Plaintiff,  )
  -vs-  )   Civil Action No. 18-113
ANDREW M. SAUL,[3]  )
COMMISSIONER OF SOCIAL SECURITY,  )
          Defendant.  )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 25th day of June, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 14) is denied and Defendant's Motion for Summary Judgment (ECF No. 16) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[3] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.